UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. WADE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO HOUSING &<br>REDEVELOPMENT AGENCY,<br><br>　　　　　Defendant. | No. 2:18-cv-1068 KJM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"). Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

　　　　　　　　　　　　　　I.　　SCREENING

A. Statutory Screening Requirement and Standards

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff brings suit against a sole defendant, Sacramento Housing and Redevelopment Agency ("SHRA"). Plaintiff asserts "sexual discrimination, bias, racial profiling, false facts,

[and] housing discrimination" as basis for federal question jurisdiction. ECF No. 1 at 4 ¶A. However, it is unclear to the court the specific claims plaintiff is seeking to present in his complaint.

Plaintiff alleges that he was invited by SHRA to receive a public housing voucher. ECF No. 1 at 7. After attending an introductory meeting at the housing authority office, he "was offered a unit" on a property that was for recovering drug addicts and substance abusers with families. Id. Plaintiff states he was a substance abuser with two daughters. Plaintiff alleges that through the process of attaining housing he was denied all services with no explanation. ECF No. 1 at 8. Plaintiff states Patricia Cripps ("Cripps") handled his case and was responsible for turning in his documentation to receive housing and related services. Id. at 10. Plaintiff argues Cripps was "extremely rude" and "snobby" to plaintiff. Id. Plaintiff states that at various times through the application process, Cripps would tell him that certain documentation was missing and that he had failed to turn in his paperwork to qualify for housing. Id. at 10-11. Plaintiff alleges that Cripps would say degrading remarks like "[d]on[']t be trying to use the system," and "[y]ou're a man go get a job." Id. at 11. Plaintiff states that "he finally had enough" and filed a complaint with the U.S. Department of Housing and Urban Development ("HUD"). Id. With the assistance of a pro bono attorney, HUD offered plaintiff a one bedroom unit. Id. However, plaintiff states the one bedroom was not sufficient space for him and his two daughters. Id. at 11-12.

Plaintiff seeks relief for $8 million "for emotional, physical, mental, spiritual, [and] financial" damage. ECF No. 1 at 6 ¶IV.

C. Analysis

The complaint does not contain a "short and plain" statement showing that plaintiff is entitled to relief as required by Federal Rule of Civil Procedure ("Rule") 8(a)(2). That is, the complaint does not plainly state who harmed the plaintiff, in what way, and what legal right was violated that entitles plaintiff to recovery. Although the complaint suggests that plaintiff may be attempting to assert a federal claim for racial and gender discrimination under the Fair Housing Act as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601 et seq., and potential supplemental state law claims under the Fair Employment and Housing Act

("FEHA"), Cal. Gov. Code § 12955 et seq. and Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq., plaintiff fails to meet the different pleading requirements for each of those potential claims.

To establish federal court jurisdiction, plaintiff must present a cause of action arising under federal law. "A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact." Gamble v. City of Escondido, 104 F.3d 300, 304–05 (9th Cir. 1997) (internal citations omitted). To bring a claim for disparate treatment, plaintiff must first establish a prima facie case. Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999). "The prima facie case elements are: (1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury. Establishing the prima facie case affords the plaintiff a presumption of discrimination." Id. To pursue relief under the FHA, the complaint must so state, and must also state supporting facts that demonstrate plaintiff satisfies each element. That includes facts demonstrating that the adverse action taken by defendant was discriminatory, i.e. taken because of plaintiff's race or other protected characteristic.

In order to pursue supplemental state claims under FEHA and UCRA, plaintiff must also plead specific facts. FEHA protects the same rights as does the FHA, and is subject to the same analysis. See Walker v. City of Lakewood, 272 F.3d 1114, 1131 n. 8 (9th Cir. 2001). To establish a cause of action under the Unruh Act, plaintiff must plead and prove intentional discrimination. Harris v. Capital Growth Inv'rs XIV, 52 Cal. 3d 1142, 1175 (1991). Facts showing that a facially neutral policy has a disparate impact on a protected class "may be probative of intentional discrimination," but is alone insufficient to establish liability. Harris, 52 Cal. 3d at 1175. Based on plaintiff's current allegations, the court finds that the complaint does not state a cognizable claim under any of these statutes.

Plaintiff's allegations of Cripps' rudeness do not demonstrate that the denial of housing was based on impermissible considerations such as race or gender discrimination. No discriminatory acts are alleged. Moreover, because plaintiff does not say when the alleged events occurred, the court cannot assess the timeliness of the complaint. And as previously indicated,

the complaint fails to explain how the cited statutes are implicated in the alleged denial of housing accommodations, and the court cannot determine under what statutes or laws plaintiff's claims are being asserted. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Rede v. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint will be dismissed with leave to amend.

## II. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). To the extent possible, plaintiff should provide the information identified as missing above.

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit an amended complaint within 30 days. The amended complaint should be "simple, concise, and direct." You should provide information that clearly states (1) the basis for federal jurisdiction, (2) the alleged harm you suffered and which defendant harmed you and how, and (3) the relief you are seeking. An amended complaint should briefly provide all the necessary information, following the directions above.

### IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.

2. The complaint (ECF No. 1), is DISMISSED with leave to amend; and

3. Plaintiff shall file his amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

DATED: August 29, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE