UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. WADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY,<br><br>　　　　Defendant. | No. 2:18-cv-01068 KJM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. This matter was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c) (21).

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining if the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil

1

Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Nowitzki v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Nowitzki, 490 U.S. at 327; Von Asher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The First Amended Complaint

Plaintiff proceeds on a First Amended complaint ("FAC"). ECF No. 4. He sues under Title VIII of the Civil Rights Act of 1968, 82 Stat. 81, as amended, 42 U.S.C. § 3601 *et seq.*, commonly known as the Fair Housing Act ("FHA"), against defendant Sacramento Housing and Redevelopment Agency ("SHRA") for discrimination based on his gender and disability. ECF No. 4 at 1-3. Plaintiff seeks "$8,000,000, medical treatment (psychiatrist), parenting and self-esteem classes" as relief. Id. at 3. The original complaint was found on screening not to state a claim, and plaintiff was given the opportunity to amend with instructions about pleading under Rule 8 and substantive information about stating a claim under the Fair Housing Act. ECF No. 3.

According to the FAC, on May 30, 2014, SHRA sent plaintiff a "Project-Based Voucher Wait List Selection Notice" informing plaintiff he had been selected from Serna Village's 3 bedroom wait list. ECF No. 4 at 1, 9. Plaintiff was informed that selection from the wait list did not automatically make plaintiff eligible for the project-based voucher program. Id. On June 17, 2014, plaintiff attended a Serna Village orientation and was offered a housing unit. Id. at 1, 10. On August 7, 2014, plaintiff attended an appointment with Patricia Cripps ("Cripps") from SHRA. Id. at 2-3. Plaintiff was required to provide various types of documentation including proof of income and custody documents showing that plaintiff had 51% legal guardianship of his two minor children. Id. at 1-2. Plaintiff contends that guardianship documents were only required if the child was not plaintiff's biological child. Id. at 2. However, plaintiff alleges that Cripps "coerced" plaintiff into believing that he would not receive housing without documentation that plaintiff had 51% custody of his children. Id. Plaintiff submitted the required documentation showing he had 51% legal guardianship over his two children. Id. On February 26, 2015, plaintiff resubmitted an application, which included his guardianship documentation, for a housing voucher with SHRA and attended an orientation with Serna Village on March 17,

3

2015.  Id.  On the same day, plaintiff spoke with Cripps to follow-up on his application.  Id.  Plaintiff alleges that Cripps "had spoken rude remarks saying that 'you're a man and you should get a job! [']  She also asked 'where is the mother?  Why do you have the children?'"  Id.  Plaintiff alleges Cripps was "verbally abus[ive] say[ing] degrading remarks pertaining to his sex.  Particia Crepps said, 'you're an able body man, you should get a job, housing is for single mothers."  Id.  Plaintiff states these "remarks made [him] feel intimidated, discouraged, disenfranchised."  Id.  Plaintiff alleges that after making these "insults," Crepps told plaintiff "she couldn't rent to [plaintiff] until [he] show[ed] proof of receiving welfare benefits (Tanf) and 51% of custody."  Id.  Plaintiff also states, "plaintiff may have been disregarded because of his recovery process from drug and alcohol disability."  Id. at 2-3.

On or around April 15, 2015, plaintiff filed a housing discrimination claim with the U.S. department of Housing and Urban Development ("HUD").  Id. at 2.  On September 13, 2016, HUD denied plaintiff's complaint, citing there existed no reasonable cause that a discriminatory housing practice had occurred.  Id. at 2, 18-22.

2. Analysis

"A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact."  Gamble v. City of Escondido, 104 F.3d 300, 304–05 (9th Cir. 1997) (internal citations omitted).  In this case, plaintiff alleges that he was treated unfairly on an individual basis.  This is a disparate treatment claim.  To establish a prima facie case, plaintiff must allege facts showing that (1) his rights are protected under the FHA; and (2) he was concretely injured by the defendant's discriminatory conduct.  Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999).  "Discriminatory conduct" in this context means intentional discrimination: treating someone less favorably than others *because of* a protected trait.  See Texas Dep't of Housing and Community Affairs v. Inclusive Communities Project, Inc., 135 S.Ct. 2507, 2553 (2015).

The FAC does not alleged facts that, if true, would entitle plaintiff to relief under the Fair Housing Act.  Crepp's "rude remarks" may well have been offensive and sexist, but they do not establish that plaintiff was denied housing *because of* his gender or any other basis prohibited by

4

the FHA. To the contrary, the complaint affirmatively states that plaintiff was ultimately denied housing because Crepps "couldn't rent to [plaintiff] until [he] show[ed] proof of receiving welfare benefits (Tanf) and 51% of custody." ECF No. 4 at 2. As to plaintiff's alternative suggestion that he was discriminated against on the basis of "drug and alcohol disability," id. at 2-3, the few facts presented in support of this putative claim allege only plaintiff's suspicion that he "may have been" denied housing because of disability. See ECF No. 4 at 2-3 ("The defendant refused to house plaintiff. The disability certification for SHP Permanent Supportive Housing Programs was submitted. Plaintiff *may* have been disregarded because of his recovery process from drug and alcohol disability.").

Plaintiff has previously been informed that claims under the FHA and under California's FEHA require facts establishing a prima facie case of intentional discrimination. ECF No. 3 at 4 (citing, inter alia, Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999); Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1175 (1991)). Plaintiff was previously provided an opportunity to amend, in order to allege facts that support an inference of intentional discrimination on the basis of a protected characteristic. Because the FAC does not include such facts, it fails to state a claim.

Moreover, plaintiff has added two additional plaintiffs in his amended complaint. See ECF No. 4 at 1. It appears that plaintiff seeks to represent his two minor children, "ZBW" and "ZDW." See ECF No. 4. However, a parent proceeding in pro se cannot bring an action on behalf of his or her child; the children must be represented by an attorney. Johns v. City of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) ("Although a non-attorney may appear in propria persona in his own behalf," "[h]e has not authority to appear as an attorney for others than himself.") (citations omitted).

Plaintiff's FAC comes no closer to stating a claim than did his original complaint. The court is persuaded that plaintiff is unable to allege any facts, based on the circumstances he challenges, that would state a cognizable federal claim under the Fair Housing Act or otherwise. Accordingly, further amendment would be futile. See Cook, Perkiss & Liehe, Inc. v. N. Cal.

Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990) (Although pro se litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, courts do not grant leave to amend where amendment would be futile.) The undersigned will therefore recommend that the action be dismissed.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint (ECF No. 4) be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE